COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-342-CV
  
  
PROGRESSIVE 
CONCEPTS, INC.                                              APPELLANT
D/B/A 
HAWK ELECTRONICS
 
V.
  
RANDY 
J. MYERS, INDIVIDUALLY, AND                                     APPELLEE
AND 
ON BEHALF OF ALL OTHERS
SIMILARLY 
SITUATED
 
 
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from the trial court’s interlocutory order denying Appellant’s 
motion to compel arbitration.  Because we hold this order is not 
appealable, we dismiss this appeal for want of jurisdiction.
        Appellee 
filed a class action suit against Appellant who subsequently filed a motion in 
the trial court seeking to compel arbitration.  The trial court denied the 
motion and Appellant appealed the denial to this court.  Appellee has filed 
a motion to dismiss this appeal on the grounds that the order complained of is 
interlocutory and not appealable.  Appellee contends that Appellant sought 
arbitration under the federal arbitration act and that a denial of such a 
request is not subject to appeal.  Appellant responds that dismissal is not 
appropriate because Appellant did not expressly rely upon either the federal or 
the Texas arbitration act when it brought its motion to compel arbitration in 
the trial court.
        A 
denial of an application to compel arbitration under the Texas arbitration act 
is appealable.  Tex. Civ. Prac. 
& Rem. Code Ann. § 171.098(a)(1) (Vernon Supp. 2004-05).  A 
denial of an application to compel arbitration under the federal arbitration act 
is not appealable; filing a petition for writ of mandamus is the proper 
procedure to resolve disputes governed by the federal arbitration act.  Jack 
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992) (orig. 
proceeding); 9 U.S.C. § 16 (1999).
        Appellant’s 
motion to compel arbitration specifically states:
  
        A.    The arbitration 
clause is governed by the Federal Arbitration Act.
 
The 
arbitration provision in the WSA [Wireless Service Agreement between the 
parties] is governed by the Federal Arbitration Act (the “FAA”) because the 
transaction—as acknowledged by the parties—was a transaction in interstate 
commerce.  9 U.S.C. §1, et. seq. Myers, a Texas resident, 
contracted for wireless service from Cingular, a Delaware limited liability 
company.  Under the FAA, interstate commerce is broadly construed and need 
only be involved or affected in order for the FAA to apply.  Allied-Bruce 
Terminex v. Dobson, 513 U.S. 265, 273-74 (1995).  The FAA extends to 
any contract as far as the commerce clause will reach.  Id.
 
The 
trial court’s October 14, 2004 order recites that the court conducted a 
hearing on Appellant’s motion to compel arbitration, and the court denied the 
motion.  The order makes no mention of either the Texas or federal 
arbitration acts.
        On 
November 3, 2004, Appellant filed in this court a petition for writ of mandamus, 
verified by affidavit, alleging that the suit in the trial court is governed by 
the federal arbitration act.  In re Progressive Concepts, Inc. d/b/a 
Hawk Electronics, No. 2-04-343-CV, 2004 WL 2624194, at *1 (Tex. App.—Fort 
Worth Nov. 15, 2004, orig. proceeding [mand. pending]) (mem. op. denying 
petition for writ of mandamus).  On November 24, 2004, Appellant filed in 
the Texas Supreme Court a petition for writ of mandamus, accompanied by a motion 
for temporary relief.  The motion alleges that “Because the agreement at 
issue is governed by the Federal Arbitration Act, mandamus is the proper remedy 
to redress denial of the right to arbitration.”  That mandamus proceeding 
remains pending in the Texas Supreme Court.  In re Progressive Concepts, 
Inc. d/b/a/ Hawk Electronics, Case No. 04-1055 (briefing on merits requested 
Jan. 19, 2005).
        Appellant 
has consistently taken the position in the trial court, in this court, and in 
the supreme court that the dispute between the parties is governed by the 
federal arbitration act.  Accordingly, we hold that we lack jurisdiction 
over this interlocutory appeal, and we grant Appellee’s motion to dismiss.
   
                                                                  PER 
CURIAM
  
PANEL A: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.
DELIVERED: 
January 27, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.